UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

   Plaintiff,

v.            **MEMORANDUM OF LAW & ORDER**
           Criminal File No. 00-130 (MJD/ESS)

(1) JAMES BENJAMIN CHARLES,

   Defendant.

Lisa D. Kirkpatrick, Assistant United States Attorney, Counsel for Plaintiff.

James Benjamin Charles, pro se.

## I.  INTRODUCTION

This matter is before the Court on Defendant James Benjamin Charles' letter to the Court, in which he asks the Court to treat his letter as a § 2255 motion to vacate his 2016 North Carolina state conviction for first degree murder and his life sentence.  [Docket No. 120]

## II.  BACKGROUND

On December 13, 2000, Defendant James Benjamin Charles was sentenced by this Court to 188 months' imprisonment, followed by five years of supervised

release, for his federal armed bank robbery conviction. [Docket No. 54] Charles did not appeal his sentence.

Charles filed his first § 2255 motion in 2001, which was denied by this Court. [Docket Nos. 60, 65.] From July 2005 to January 2006, Charles submitted a series of letters to this Court attacking his sentence and claiming his counsel was ineffective at sentencing. Charles' claims in his January 2006 letter was interpreted by the Court to be a successive § 2255 motion without the required authorization from the Eighth Circuit and dismissed. In 2010, Charles filed a motion for relief under Federal Rule of Civil Procedure, Rule 60(b), which was denied. [Docket Nos. 111, 114.]

In June 2014, this Court ordered the transfer of jurisdiction of supervision to the Western District of North Carolina, located in Asheville, North Carolina. [Docket No. 116.] The Order stated that Charles was released to supervision on December 5, 2013, and that his supervision was scheduled to expire on December 4, 2018. Confirmation of this transfer was received on July 17, 2014. [Docket No. 118]

On November 9, 2016, Charles was convicted of first degree murder in Henderson County Superior Court of North Carolina and sentenced to life

imprisonment for the offense, which occurred on May 19, 2014.  See State v. Charles, No. 14CRS052174, 2016 WL 10932848 (N.C. Super. Nov. 9, 2016) (Trial Order, First Degree Murder); see also, No. 14CRS052175, 2016 WL 10932849 (N.C. Super. Nov. 9, 2016) (Trial Order, Larceny of a Motor Vehicle).  He appealed the trial court judgments to the North Carolina Court of Appeals.  The Court of Appeals found no error and denied his appeal.  State v. Charles, COA17-937, 814 S.E. 2d 483 (June 5, 2018) (Table).  On July 10, 2018, Charles petitioned the North Carolina Supreme Court for discretionary review, which was denied.  State v. Charles, No. 215P18, 371 N.C. 478 (Sept. 20, 2018).

    Charles filed the motion before this Court on December 4, 2019.  [Docket No. 120]  Charles states that he "was in federal custody (on probation) when the murder happened."  Charles claims that he is "absolutely innocent" of the state murder conviction and "can prove it."  He further claims that his attorney was ineffective at trial and throughout his case and appeals to this Court for relief from his state conviction and life sentence.  Attached to his letter is a copy of Charles' motion for relief filed in May 2019, with the Superior Court, Henderson County, North Carolina.  Charles states he is appealing that court's denial of relief to this Court.

On April 20, 2020, Charles filed a pro se brief in support of his § 2255 motion arguing that he "has appealed the attached motion on every State level and has a right to be heard on a Federal level, a right exclusively held by this Court in this court's jurisdiction."  ([Docket No. 123] at 7.)

The Government filed a brief opposing Defendant's motion and recommending that Charles file a petition for relief under § 2254, that the correct respondent in the case should be the warden of his correctional facility, and that his case should be transferred to the Western or Eastern District of North Carolina.

On June 1, 2020, Charles filed a reply agreeing with the Government that his motion should be interpreted as a petition for relief under § 2254, requesting that this Court retain jurisdiction over his motion because he is under the "joint custody of both the state and federal districts as evidenced by the current federal hold over him," and agreeing that it is possible the correct respondent in this case should be Warden Brad Perritt rather than the United States.  [Docket No. 125]

### III.   DISCUSSION

####    A.   Standard for Relief under 28 U.S.C. § 2255

4

Defendant originally styled his motion as a motion for relief under § 2255. 28 U.S.C. § 2255(a) provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Here, Defendant is not in custody pursuant to a federal sentence. Section 2255 does not apply.

Moreover, to the extent Defendant seeks further review of his federal sentence, as the Court has previously exclaimed, Charles cannot file a second § 2255 motion unless he obtains certification from "a panel of the appropriate court of appeals [that his motion] contain[s] (1) newly discovered evidence . . . or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255.

### B.   Relief under 28 U.S.C. § 2254

In Defendant's motion, he seeks relief from his North Carolina state court conviction and sentence. A federal court's "authority to grant habeas relief to state prisoners is limited by § 2254, which specifies the conditions under which

5

such relief may be granted to 'a person in custody pursuant to the judgment of a State court.'" Felker v. Turpin, 518 U.S. 651, 662 (1996) (quoting 28 U.S.C. § 2254(a)). See also Crouch v. Norris, 251 F.3d 720, 723 (8th Cir. 2001) ("[A] 'person in custody pursuant to the judgment of a State court,' 28 U.S.C. § 2254(a), [] can only obtain habeas relief through § 2254, no matter how his pleadings are styled.") (citations omitted). As Charles is challenging his conviction and sentence in North Carolina state court, § 2254 provides the proper vehicle to seek relief.

### C.   Venue

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(d).

Charles is no longer in the custody of the District of Minnesota, nor is he in the custody in the State of Minnesota. He completed his federal term of imprisonment, was released to supervised release, and, in 2014, Charles' federal supervision was transferred to the Western District of North Carolina.

Charles was then convicted of first degree murder in the State of North Carolina, not the State of Minnesota. Defendant was convicted in Henderson County Superior Court, Hendersonville, North Carolina, which is located within the Western District of North Carolina. He is currently incarcerated in Tabor City, North Carolina, located in the Eastern District of North Carolina. Thus, Charles' § 2254 motion may only be heard in the Eastern or Western Districts of North Carolina.

Given Charles' pro se status and the seriousness of the conviction and sentence at issue, the Court finds that, "it is in the interest of justice" to transfer this motion to the Western District of North Carolina, where Charles was convicted. See 28 U.S.C. § 1631 ("Whenever a civil action is filed in a court . . . [and] that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court ( in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred."). See also Mann v. Crabtree, No. 2:18-CV40-WHA, 2018 WL 1354795, at *2 (M.D. Ala. Feb. 12, 2018),

report and recommendation adopted, No. 2:18-CV-40-WHA, 2018 WL 1352169 (M.D. Ala. Mar. 15, 2018).

D.   **Proper Party**

The rules governing § 2254 cases provide that "[i]f the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody."  Rules Governing Section 2254 Proceedings, Rule 2(a).  The Government points out and, in Charles' reply he appears to concede, that the proper respondent in this matter would be the Warden or Correctional Administrator of Charles' correctional institution.  However, because this Court has no jurisdiction over this motion and is transferring the matter to the Western District of North Carolina, this Court cannot address that issue.  The parties may raise the issue of the proper respondent before the District Court for the Western District of North Carolina.

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

Defendant James Benjamin Charles' Pro Se Motion to Vacate under 28 U.S.C. § 2255 [Docket No. 120] is deemed a motion to vacate

8

under 28 U.S.C. § 2254 and is **TRANSFERRED** to the District Court for the Western District of North Carolina.

Dated:  July 20, 2020            s/ Michael J. Davis
                                 Michael J. Davis
                                 United States District Court