# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### CIVIL CASE NO. 1:20-cv-00196-MR

| | |
|---|---|
| JAMES BENJAMIN CHARLES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| STATE OF NORTH CAROLINA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Renewed Motion to Appoint Counsel [Doc. 18] filed by attorney Ben C. Scales, Jr.

## I.     BACKGROUND

In November 2016, the Petitioner was convicted of first-degree murder in Henderson County Superior Court and sentenced to life imprisonment. [Doc. 2 at 2-3].  At the time of his conviction in Henderson County, the Petitioner was serving a term of federal supervised release as part of his sentence for a bank robbery conviction in Minnesota in 2000.  [Id. at 1-2].  In 2014, the United States District Court for the District of Minnesota transferred jurisdiction of that matter to this District.  [Id. at 2; Criminal Case No. 1:14-cr-00054-MR-WCM].

On December 4, 2019, the Petitioner filed "a motion under [28 U.S.C.] § 2255" in the Minnesota District Court, seeking habeas relief from his state conviction. [Doc. 1]. In an Order entered July 20, 2020, the Minnesota District Court construed the Petitioner's pleading as a petition under 28 U.S.C. § 2254 and transferred the matter to this Court. [Doc. 2 at 8-9]. Once the case was transferred, the Clerk's Office issued a notice of deficiency to the Petitioner, advising that the filing fee had not been paid. In August 2020, the Petitioner remitted the $5.00 filing fee. [Doc. 4]. The return address on the envelope indicated that the Petitioner was housed at Tabor Correctional Institution in Tabor City, North Carolina. [Doc. 4-1].

Although the Petitioner was in state custody, he also had an outstanding petition for violation of his federal supervised release conditions based on the conduct charged in the Henderson County case. [Criminal Case No. 1:14-cr-00054-MR-WCM, Doc. 2]. An Addendum to that Petition was filed on November 6, 2020, updating the allegations in the original Petition to reflect the fact of the convictions on those charges. [Id., Doc. 3]. In November 2020, the Petitioner was brought to this District on a writ of habeas corpus ad prosequendum and housed at the Buncombe County Detention Facility for his initial appearance on the supervised release violation petition. [See id., Doc. 6].

On November 30, 2020, attorney Ben C. Scales, Jr. was appointed under the Criminal Justice Act to represent the Petitioner in that supervised release proceeding.  In February 2021, Mr. Scales filed a motion seeking to be appointed to represent the Petitioner in the present § 2254 proceeding. [Doc. 5].  The Court denied Mr. Scales' motion without prejudice, on the grounds that Court had not yet made a determination as to whether any discovery was warranted or whether an evidentiary hearing was necessary. [Doc. 9].

The Respondent filed a response to the Petitioner's Petition as well as a Motion for Summary Judgment on October 22, 2021.  [Docs. 11, 12].  The docket indicates that the Respondent mailed copies of these pleadings to the Petitioner at Tabor Correctional Institution, his designated place of incarceration.  [Id.].  Thereafter, the Court enter an Order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975], directing the Petitioner to respond to the Respondent's Motion for Summary Judgment not later than November 30, 2021.  [Doc. 16].  The Petitioner never responded to the Respondent's Motion.  A copy of the Court's Roseboro Order was also sent to the Petitioner at Tabor Correctional Institution.  Unbeknownst to the Court, however, the Petitioner was still being housed at the Buncombe County

Detention Facility awaiting the resolution of his supervised release violation petition.

Mr. Scales now renews his motion to be appointed as counsel for the Petitioner. [Doc. 18].

## II. DISCUSSION

Prisoners have no constitutional right to the appointment of counsel to file post-conviction motions. Lawrence v. Florida, 549 U.S. 327, 336-37 (2007) (citing Coleman v. Thompson, 501 U.S. 722, 756-57 (1991)); Rouse v. Lee, 339 F.3d 238, 250 (4th Cir. 2003), cert. denied, 541 U.S. 905 (2004) (citing Pennsylvania v. Finley, 481 U.S. 551, 555-56 (1987) (no constitutional right to counsel beyond first appeal of right)).

The Court must, in some circumstances, appoint counsel to represent a habeas petitioner. For example, if the Court determines in a § 2254 proceeding that discovery is warranted, the Court must appoint counsel "[i]f necessary for effective discovery." Rules Governing § 2254 Cases, Rule 6(a). Additionally, if the Court determines that an evidentiary hearing is necessary to adjudicate the petitioner's claims, the Court must appoint counsel to represent the petitioner at such hearing. Id., Rule 8(c). Otherwise, the appointment of counsel is within the Court's discretion. See id., Rule 8(c) (noting that the § 2254 Supplemental Rules "do not limit the

4

appointment of counsel under [18 U.S.C.] § 3006A at any stage of the proceeding").

Here, the Court has not yet made a determination as to whether any discovery is warranted or whether an evidentiary hearing is necessary. Accordingly, it is unclear at this time whether the appointment of counsel is required.  To the extent that the Court may appoint counsel as a matter of discretion, the Court declines to do so in this case.  The Petitioner has capably presented the issues for consideration to the Court, and the Court does not find that the appointment of counsel is necessary to further brief those issues.  Accordingly, in the exercise of its discretion, the Court will deny the motion for appointment of counsel.

It appears that the Petitioner failed to update the Clerk with his current mailing address when he was transferred to the Buncombe County Detention Facility.  As a result, the Petitioner has not received any of the pleadings in this matter since the filing of the first Motion for Appointment of Counsel back in February 2021.  In the interest of justice, the Court will direct the Clerk's Office to send to the Petitioner a copy of the docket sheet and copies of the pleadings and Orders docketed as Documents 6 through 16, along with this Order.  Additionally, the Petitioner will be given thirty (30) days from the entry of this Order to file a Response to the Respondent's Motion for Summary

Judgment. In drafting his Response to the Motion for Summary Judgment, the Petitioner is advised to refer to this Court's <u>Roseboro</u> Order [Doc. 16] so that he may be fully informed of the heavy burden that he carries in responding to such a motion.

**IT IS, THEREFORE, ORDERED** that the Motion to Appoint Counsel [Doc. 18] is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Petitioner shall have thirty (30) days from the entry of this Order within which to respond to the Respondent's Motion for Summary Judgment. Failure to file a timely and persuasive response will likely lead to the Respondent being granted the relief that the Respondents seek by way of summary judgment.

The Clerk of Court is respectfully directed to provide the Petitioner a copy of the docket sheet and copies of the pleadings and Orders docketed as Documents 6 through 16, along with a copy of this Order, to his current address at the Buncombe County Detention Facility.

**IT IS SO ORDERED.**

Signed: April 23, 2022

Martin Reidinger
Chief United States District Judge

6