# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### CIVIL CASE NO. 1:20-cv-00196-MR

JAMES B. CHARLES,                )
                                 )
          Petitioner,            )
                                 )        **MEMORANDUM OF**
     vs.                         )        **DECISION AND ORDER**
                                 )
EDDIE M. BUFFALOE, Secretary,    )
North Carolina Department of     )
Public Safety,[1]                )
                                 )
          Respondent.            )
_____  )

**THIS MATTER** is before the Court on the Petition for Writ of Habeas Corpus [Doc. 1], filed by the Petitioner, James B. Charles; the Respondent's Motion for Summary Judgment [Doc. 12]; and the Petitioner's Motion Requesting a Conflict Hearing, Access to Evidence, and Request for an Attorney [Doc. 17].

## I.    BACKGROUND

The Petitioner, James B. Charles ("the Petitioner"), is a prisoner of the State of North Carolina. On November 9, 2016, the Petitioner was convicted

_____

[1] Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires that "the petition must name as respondent the state officer who has custody" of the petitioner. Rule 2(a), 28 U.S.C. foll. § 2254. In North Carolina, the Secretary of the Department of Public Safety is the custodian of all state inmates. <u>See</u> N.C. Gen. Stat. § 148-4. Accordingly, Eddie M. Buffaloe, Jr., the current Secretary of the North Carolina Department of Public Safety, is the proper respondent.

of first-degree murder and larceny of a motor vehicle in the Superior Court of Henderson County. State v. Charles, 2018 WL 2642979, *1 (N.C. Ct. App. June 5, 2018)(unpublished). The North Carolina Court of Appeals summarized the evidence presented at trial as follows:

> The evidence at trial tended to show that on 14 May 2014, Michael Brown (the "victim") was stabbed while in a car occupied by [the Petitioner] and Wendy Barnhill. Mr. Brown died from his wounds sustained in this stabbing.
>
> [The Petitioner] and Ms. Barnhill were drug users who had been romantically involved. Shortly before the victim's death, [the Petitioner] and Ms. Barnhill purchased drugs from the victim. On the day of his death, the victim was riding in a car with [the Petitioner] and Ms. Barnhill. When the vehicle arrived at a mobile home park, the victim was mortally stabbed. [The Petitioner] testified that Ms. Barnhill stabbed the victim. Ms. Barnhill, however, testified that [the Petitioner] stabbed the victim. In either case, the victim escaped and sought help by banging on the door of a nearby mobile home. The occupant of the mobile home [Steve Zimmerman] testified that when he came to the door with a towel to help the victim, he saw [the Petitioner] and Ms. Barnhill, both covered in blood, dragging the victim away.

Id. The jury was instructed that it could find the Petitioner guilty of first-degree murder if it found (1) that the Petitioner stabbed the victim himself; or (2) that the Petitioner acted in concert with Barnhill when she stabbed the victim. Id. On November 9, 2016, the jury found the Petitioner guilty on all counts. [Doc. 13-3 at 35-36]. The Petitioner was sentenced to life

2

imprisonment for murder and 20–33 months imprisonment for Larceny of a Motor Vehicle. [Doc. 13-2 at 2, 4].

The Petitioner filed a direct appeal to the North Carolina Court of Appeals on grounds that there was insufficient evidence for the trial court to instruct the jury on the theory that the Petitioner and Barnhill acted in concert to stab the victim. [Doc. 13-4 at 7]. Finding sufficient evidence for the acting in concert instruction, the court affirmed the Petitioner's convictions on June 5, 2018. Charles, 2018 WL 2642979, *2.[2]

On July 10, 2018, the Petitioner filed a petition for discretionary review in the North Carolina Supreme Court, which was denied on September 20, 2018. State v. Charles, 371 N.C. 478, 818 S.E.2d 281 (2018)(mem.).

_____

[2] The appellate court held as follows:

"there was evidence that [the Petitioner] was at the scene of the crime; which he admitted. There was evidence that Ms. Barnhill struck the fatal blow. [The Petitioner] testified that Ms. Barnhill stabbed the victim, she was covered in blood, and she had a knife in her possession. But there was also evidence from which the jury could conclude that [the Petitioner] acted together with Ms. Barnhill. Specifically, there was evidence which tended to show that [the Petitioner] and Ms. Barnhill had an intimate relationship which they hid from others; they jointly purchased drugs from the victim shortly before the killing; they were both present in the car when the victim flashed a wad of money; they followed the victim as the victim fled from the car after being stabbed; they both worked together to drag the victim away from a trailer from which the victim was seeking help; [the Petitioner] and Ms. Barnhill were seen wearing bloody clothes as they dragged the victim away from the trailer; and that after the stabbing, Ms. Barnhill told [the Petitioner] that "this is the story, get it together and stick to the story."

Charles, 2018 WL 2642979, at *2.

3

On May 30, 2019, the Petitioner filed a Motion for Appropriate Relief ("MAR") and supporting affidavit in the Henderson County Superior Court ("MAR Court"). [Doc. 1 at 7-46]. The MAR alleged that (1) trial counsel was ineffective and (2) that the Petitioner was prejudiced by the admission of a photograph of him shackled and in prison uniform. [Doc. 1 at 13-23]. The MAR was denied on September 12, 2019. [Doc. 13-10].

On October 21, 2019, the Petitioner filed a certiorari petition in the North Carolina Court of Appeals seeking review of the denial of the MAR. [Doc. 13-11]. On October 23, 2019, the appellate court dismissed the certiorari petition without prejudice, affording the Petitioner an opportunity to refile the petition with supporting documentation due to his failure to attach a copy of the MAR. [Doc. 13-12]. The Petitioner never refiled the petition.

On November 17, 2019, the Petitioner filed a letter in the U.S. District Court for the District of Minnesota,[3] which the court deemed as an application for federal habeas relief from a state judgment pursuant to 28 U.S.C. § 2254. [Doc. 1 at 1-4]. However, because the Petitioner's state conviction occurred within this Court's jurisdiction, the District of Minnesota transferred the

---

[3] The Petitioner committed his North Carolina crimes while serving a term of federal supervised release as part of his sentence for an armed bank robbery conviction in Minnesota. See United States v. Charles, 2020 WL 4059887, *1 (D. Minn. July 20, 2020).

petition to this Court. [Doc. 2]. The habeas petition alleges that the Petitioner is "absolutely innocent" of the first-degree murder charge, that trial counsel was ineffective, and that the Petitioner was prejudiced by the admission of a photograph of him shackled and in prison uniform. [Id. at 3].

In response to the § 2254 Petition, the Respondent filed a Motion for Summary Judgment on October 22, 2021. [Docs. 11, 12, 13]. On October 26, 2021, the Court advised the Petitioner of his right to respond to the Respondent's Motion for Summary Judgment. [Doc. 16]. On April 10, 2022, the Petitioner filed a Motion Requesting a Conflict Hearing, Access to Evidence, and Request for an Attorney [Doc. 17].

On May 25, 2022, counsel appeared *pro bono* on the Petitioner's behalf for the limited purpose of responding to the Respondent's Motion for Summary Judgment. [Doc. 25]. The Petitioner's Response was filed on August 26, 2022. [Doc. 28]. On September 2, 2022, the Respondent filed a Reply to the Petitioner's Response. [Doc. 29].

Having been fully briefed, the § 2254 petition and pending motions are ripe for disposition.

## II.   STANDARD OF REVIEW

A state prisoner may petition a federal court for a writ of habeas corpus if the prisoner contends that he is confined "in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2254(a).   Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), however, a federal court may not grant § 2254 relief as to any claim "adjudicated on the merits" in state court unless the state court's adjudication of such claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Id. § 2254(d).

Summary judgment "is appropriate when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'"   Perdue v. Sanofi-Aventis U.S., LLC, 999 F.3d 954, 958 (4th Cir. 2021)(quoting Fed. R. Civ. P. 56(a)).   The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).   Once that burden is met, the nonmoving party must come forward with competent

evidence sufficient to reveal the existence of a genuine issue of material fact. Fed. R. Civ. P. 56(e)(2); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 246-47 (1986).

In determining whether a genuine issue of material fact exists, any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). The mere existence of any factual dispute will not preclude summary judgment, however; "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248. Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Id. at 248-49.

## III. DISCUSSION

The Respondent moves for summary judgment on grounds that the claims in the § 2254 petition are without merit, not cognizable on habeas review, or are barred by procedural default. [Doc. 13].

### A. Actual Innocence Claim

The Petitioner asserts that he is "absolutely innocent of the First-Degree Murder charge and can prove it." [Doc. 1 at 1].

An actual innocence claim by a habeas petitioner—whether presented as a freestanding claim or as a gateway to excuse procedural default—"must be based on reliable evidence *not presented at trial*." Wilson v. Greene, 155 F.3d 396, 404 (4th Cir. 1998)(emphasis added)(quoting Calderon v. Thompson, 523 U.S. 538, 559 (1998)). The reviewing court must evaluate the new evidence alongside the admissible evidence of the defendant's guilt, and relief may be granted only where "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Id. (citing Murray v. Carrier, 477 U.S. 478, 496 (1986)).

Here, the Petitioner fails to identify which evidence he intends to use to prove his innocence. In his Motion Requesting Access to Evidence, the Petitioner claims that someone else has confessed to the murder in a sworn statement. [Doc. 17 at 4]. However, the Petitioner has produced no such statement. All of the evidence contained in the MAR affidavit was also presented at trial, where it was considered and rejected by the jury. The Petitioner also references counsel's failure to play the Zimmerman 911 call and denial of access to discovery, which, as discussed further below, cannot support the Petitioner's claim of actual innocence.

As such, the actual innocence claim is not cognizable. The Respondent is entitled to entry of summary judgment and the claim shall be dismissed.

## B. Ineffective Assistance of Counsel Claims

The right to counsel guaranteed by the Sixth Amendment includes the "right to the effective assistance of counsel." Strickland v. Washington, 466 U.S. 668, 686 (1984)(quoting McMann v. Richardson, 397 U.S. 759, 771 n. 14 (1970)). To successfully challenge a conviction based on ineffective assistance of counsel, a petitioner must satisfy the two-prong test set forth in Strickland, which requires the petitioner show that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) counsel's deficient performance prejudiced the defense. Strickland, 466 U.S. at 688, 692.

The first prong requires that petitioner show that counsel's performance was deficient by articulating specific acts or omissions that fell "outside the wide range of professionally competent assistance." Id. at 690. The petitioner must demonstrate "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Harrington v. Richter, 562 U.S. 86, 104 (2011)(quoting Strickland, 466 U.S. at 687)).

To establish prejudice under the second prong, the petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, at 694. The petitioner must show that counsel's error worked to his "actual and substantial disadvantage," not merely that it created a "possibility of prejudice." Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir.1997)(quoting Murray v. Carrier, 477 U.S. 478, 494 (1986)).

The court need not analyze both prongs if petitioner makes "an insufficient showing on one." Debreus v. United States, 2012 WL 3686250, *3 (D.S.C. Aug. 24, 2012)(citing Strickland, 466 U.S. at 697)). Failure to satisfy either prong is fatal to a petitioner's claim. Fields v. Attorney Gen. of Maryland, 956 F.2d 1290, 1297 (4th Cir. 1992).

"When assessing a Strickland claim through the lens of AEDPA, [the Court's] review is 'doubly deferential.'" Valentino v. Clarke, 972 F.3d 560, 580 (4th Cir. 2020)(citations omitted)(quoting Knowles v. Mirzayance, 556 U.S. 111, 123 (2009)). "The pivotal question [becomes] whether the state court's application of the Strickland standard was unreasonable." Harrington, 562 U.S. at 101. "A state court must be granted a deference and latitude that are not in operation when the case involves review under the Strickland standard itself." Id. In order to obtain habeas relief in federal

court, the movant must show that "the state court's ruling...was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Id. at 103.

In support of its motion for summary judgment, the Respondent argues that the Petitioner has failed to show that the MAR Court's denial of the ineffective assistance claims was contrary to clearly established federal law, constituted an unreasonable application of such law, or was based on an unreasonable determination of the facts. [Doc. 13 at 11-19].

### 1. Counsel's statement to the Petitioner

The Petitioner states in his § 2254 petition that "my attorney was completely ineffective at my trial. He even told me that I'm guilty [and] that he couldn't help me – he told me this during my jury trial." [Doc. 1 at 1]. While the MAR Court did not specifically address such allegation of ineffective assistance in its denial of the MAR, this Court must nonetheless determine whether the MAR Court reasonably could have held that such assertion fails under Strickland. See Harrington, 562 U.S. at 106-13 (assessing the reasonableness of the state court's summary denial of ineffective assistance claim based upon record in front of state court).

The Petitioner's allegation is conclusory and factually unsupported by sufficient evidence. The Petitioner fails to explain how the outcome of his

trial would have been different if his attorney had not presupposed his guilt, as he alleges. See Harrington, 562 U.S. at 112 ("The likelihood of a different result must be substantial, not just conceivable."). Moreover, the record in front of the MAR Court showed that Petitioner's counsel made arguments on the Petitioner's behalf, questioned witnesses, and subjected the State's case to extensive cross-examination and "adversarial testing," making it difficult to plausibly imagine a different trial outcome if counsel had not made the alleged statements to the Petitioner. Strickland, 466 U.S. 690 ("[C]ounsel's function . . . is to make the adversarial testing process work in the particular case."); [see, e.g., Trial Transcript, Doc. 13-13 at 488-512 (recounting the cross-examination of Barnhill)]. Therefore, the MAR Court "reasonably could have concluded that" this first allegation of ineffective assistance fell short of demonstrating the prejudice that Strickland requires. Harrington, 562 U.S. at 112. As such, the Respondent is entitled to summary judgment on this claim of ineffective assistance.

## 2. Counsel's denial of access to discovery

The Petitioner alleges that trial counsel "refused to show" him the contents of the State's discovery file against him. [Doc. 1 at 2]. The Petitioner states that had he known the things he found out during his jury trial, combined with his experience with the Government and "the system,"

he would have never challenged the Government and would have sought "a no contest plea" which would have resulted in him receiving a 15-year sentence. [Id.].

To demonstrate <u>Strickland</u> prejudice in the context of a foregone plea bargain, a prisoner must demonstrate that:

> but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (<u>i.e.</u>, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

<u>Lafler v. Cooper</u>, 566 U.S. 156, 164 (2012). Because a prisoner who has lost at trial after foregoing a plea bargain is likely to experience buyer's remorse, self-serving assertions that the prisoner "would have accepted" a plea bargain but for counsel's advice regarding that plea are viewed with "heavy skepticism." <u>Merzbacher v. Shearin</u>, 706 F.3d 356, 367 (4th Cir. 2013).

The Petitioner sought to make the <u>Lafler</u> prejudice showing relying only on his self-serving assertions contained in the MAR Affidavit. However, he includes no facts related to when the supposed plea bargain was offered— let alone facts explaining its terms, the likelihood that it would have been

13

presented to the state court, or the likelihood that it would have been accepted by that court. See Lafler, 566 U.S. at 164. The MAR Court was left only with the Petitioner's self-serving assertions "that [he] would have accepted" an unexplained, ambiguous plea bargain, but for counsel's alleged failure to disclose the contents of the state's discovery file. See [Doc 13-10 at 6-7]; Merzbacher, 706 F.3d at 367. Therefore, the MAR Court "reasonably could have concluded that" the Petitioner's prejudice showing fell short of what Lafler and Strickland require. Harrington, 562 U.S. at 112. As such, the Respondent is entitled to summary judgment on this claim of ineffective assistance.

### 3. Counsel's failure to play Zimmerman 911 call

The Petitioner alleges that "[t]he whole murder was caught on audio in a 911 recording – the background of the call – and my attorney refused to play the recording to the jury." [Doc. 1 at 3]. In support of this allegation, the Petitioner relies on his MAR Affidavit statements, asserting: (1) that he can be heard yelling for help in the background of Steve Zimmerman's 911 call; (2) that this call was not played for the jury; and (3) that Zimmerman lied "about the background content of this 911 call" at trial. [MAR Affidavit, Doc. 1 at 35-36].

The MAR Court rejected this allegation of ineffective assistance of counsel, noting that it appeared from the transcript that it is uncontradicted that when Zimmerman came to the door of his trailer, he saw the decedent lying on ground, at which time Zimmerman left to call 911, and that when he returned, the Petitioner and Barnwell were dragging the decedent's body away. The MAR Court concluded that the Petitioner's ineffective assistance claim was unsupported. [MAR Court Order, Doc. 13-10 at 5].

Here, the Petitioner's testimony at trial conveyed the substance of what the Petitioner contends was contained in the 911 call recording. [See Trial Transcript, Doc. 13-13 at 1030 (testifying that he asked Zimmerman for help getting the victim to the hospital)]. The jury could have concluded that the Petitioner sought to help the victim and in no way aided in his killing. "But the jury rejected this inference in favor of one of the prosecution's theories," Valentino, 972 F.3d at 584, concluding that the Petitioner either stabbed the victim or aided Barnhill in stabbing the victim. State v. Charles, 2018 WL 2642979, *1 (N.C. Ct. App. June 5, 2018)(unpublished).

It was therefore reasonable for the MAR Court to conclude that playing such recording for the jury would not have altered the jury's perception of the case so significantly as to raise a reasonable probability of a different verdict. See Valentino, 972 F.3d at 584-85. Accordingly, the MAR Court reasonably

concluded that the Petitioner failed to show the prejudice that <u>Strickland</u> requires. <u>See</u> <u>Harrington</u>, 562 U.S. at 112.

Because the Petitioner has not demonstrated that the MAR Court's rejection of the ineffective assistance claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility of fairminded disagreement," the Petitioner's application for federal habeas relief based upon ineffective assistance of counsel is denied. <u>Id.</u> at 103. As such, the Respondent is entitled to summary judgment on this claim of ineffective assistance.

### E.  Additional Claims Raised in Petitioner's Response [Doc. 28]

In his Response to the Respondent's Motion for Summary Judgment, the Petitioner attempts to raise new § 2254 claims that were not raised in his habeas petition. [Doc. 28]. These includes claims of ineffective assistance of appellate counsel, due process violations, and additional claims of ineffective assistance of trial counsel. [<u>Id.</u> at 13-17]. However, these claims were not properly raised in the § 2254 petition and therefore, are not properly before the Court. As such, they will not be addressed in this Order.

### D. Unfairly Prejudicial Photograph Claim

The Petitioner asserts that he was unfairly prejudiced by the admission into evidence of photographs of him dressed "in a striped prisoners jail uniform" and "chained... to a bench." [Doc. 1 at 3]. The Petitioner contends that the photographs were submitted to the jury as evidence of him being a murderer. [Id.]. The Petitioner adds in his Response to the Motion for Summary Judgment, that counsel was ineffective for failing to object to the admission of the photograph as violating N.C.G.S. § 15-176. [Doc. 28 at 14].

In support of its Motion for Summary Judgment, the Respondent argues that the Petitioner's state statutory claim regarding the prison photos is not cognizable on habeas review.

Violations of state statutes are not cognizable on federal habeas review. Estelle v. McGuire, 502 U.S. 62, 67 (1991); Larry v. Branker, 552 F.3d 356, 368 (4th Cir. 2009). Federal habeas courts are only permitted to review "those state-court decisions that implicate federal constitutional rights." Kornahrens v. Evatt, 66 F.3d 1350, 1357 (4th Cir. 1995). As such, the Petitioner cannot raise a claim of violation of § 15-176 in this § 2254 proceeding.[4]

---

[4] Even if the Petitioner could pursue his claim of state statutory violation, such claim would likely fail on the merits. N.C. Gen. Stat. § 15-176 prohibits a "sheriff, jailer or other officer" to require any person to "appear in any court for trial" or be "tried in any court" while

The Respondent also contends that any attempt by the Petitioner to claim that the photographs violated a federal constitutional provision is barred by procedural default. [Doc. 13 at 19-26].

Procedural default occurs "when a habeas petitioner fails to exhaust available state remedies and the court to which [he] would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." Mahdi v. Stirling, 20 F.4th 846, 892 (4th Cir. 2021)(internal quotation marks and citation omitted)(quoting Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998)). The procedural default doctrine ensures that the federal courts respect "the States and the States' procedural rules when reviewing the claims of state prisoners in federal habeas corpus." Coleman v. Thompson, 501 U.S. 702, 726 (1991).

To overcome a procedural default, a petitioner must show either (1) "cause" and "actual prejudice" resulting from the errors complained of, or (2) that a "miscarriage of justice" would result from refusal to entertain the collateral attack. United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999)(citing United States v. Frady, 456 U.S. 152, 167-68 (1982)).

---

dressed "in the uniform or dress of a prisoner or convict, or in any uniform or apparel other than ordinary civilian's dress[.]" N.C. Gen. Stat. § 15-176. The photos were admitted to the jury to show the Petitioner's hand injuries at the time he was taken into the custody. As such, N.C. Gen. Stat. § 15-176 is not applicable to the Petitioner's allegations. [See Photographs, Doc. 13-14; Trial Transcript, Doc. 13-13 at 359-61].

"Cause" for procedural default exists "where a constitutional claim [was] so novel that its legal basis [was] not reasonably available to counsel." Reed v. Ross, 468 U.S. 1, 16 (1984). "Actual prejudice" is shown by demonstrating that the error worked to petitioner's "actual and substantial disadvantage," rather than just creating a "possibility of prejudice." Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997)(quoting Murray v. Carrier, 477 U.S. 478, 494 (1986)). To show that a "miscarriage of justice" would result from the court's failure to entertain the collateral attack, the movant must show "actual innocence by clear and convincing evidence." Mikalajunas, 186 F.3d at 493.

The Petitioner failed to raise any claim of federal constitutional violation in his direct appeal or in his MAR. The Petitioner makes no showing of cause or actual prejudice or that the court's failure to consider his claim would result in a fundamental miscarriage of justice. As such, any federal constitutional claim relating to admission of the photographs is barred by procedural default.

Finally, as to the Petitioner's attempt to raise an ineffective assistance claim within his Response to the Respondent's Motion for Summary Judgment, such claim is barred because the Petitioner did not raise this claim in his § 2254 petition and it is not properly before this Court.

19

Based on the foregoing, the Respondent is entitled to entry of summary judgment on the Petitioner's claims relating to the photograph.

## D. Motion Requesting a Conflict Hearing, Access to Evidence, and Request for an Attorney

The Petitioner requests that the Court conduct an evidentiary hearing on the habeas petition. [Doc. 1 at 3, Doc. 17 at 4, 7]. The Petitioner argues that such hearing will provide an opportunity to prove the "conflict of interest" which existed between the Petitioner and trial counsel. [Doc. 17 at 4, 7-8].

As set forth above, the Respondent is entitled to the entry of summary judgment as to the claims set forth in the § 2254 petition. As such, the Petitioner is not entitled to an evidentiary hearing and this request is denied.

The Petitioner also alleges that trial counsel refused to allow him to see discovery and requests access to the State's discovery file, his client file at the Henderson County Public Defender's Office, and an audio or video recording of his trial. [Doc. 17 at 6]. He also requests that the Court provide for the retention of an investigator to aid in the discovery process, along with space to review and store evidence and daily access to it. [Doc. 17 at 5-7].

A habeas prisoner is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). Rule 6(a) of the Rules Governing § 2254 Cases provides, "[a] party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure

if, and to the extent that, the judge in the exercise of his discretion and for good cause shown, grants leave to do so, but not otherwise." Quesinberry v. Taylor, 162 F.3d 273, 279 (4th Cir. 1998).

While the Petitioner generally contends that he has not seen the State's evidence against him and that his trial transcript is inaccurate or incomplete, he does not identify specific facts which, if uncovered with discovery, will aid his showing on particular claims. The Petitioner fails to show the requested discovery is material to the merits of any claims, and as set forth above, the Petitioner's claims are subject to dismissal. As such, the Petitioner can show no good cause for the requested discovery and his request is denied.

The Petitioner also renews his previous requests for appointment of counsel in this § 2254 proceeding. However, counsel for the Petitioner appeared on his behalf on May 25, 2022, *pro bono*, for the purpose of responding to the Respondent's Motion for Summary Judgment. [Doc. 25]. Therefore, the Petitioner's request is denied as moot.

## IV.  CONCLUSION

For the reasons set forth above, the claims raised in the habeas petition are either not cognizable, without merit, or procedurally defaulted.

Accordingly, the Respondent's Motion for Summary Judgment will be granted, and the habeas petition will be denied and dismissed.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (noting that, in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that, when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

## ORDER

**IT IS, THEREFORE, ORDERED** that:

(1) The Respondent's Motion for Summary Judgment [Doc. 12] is **GRANTED**;

(2) The Petition for Writ of Habeas Corpus [Doc. 1], filed pursuant to 28 U.S.C. § 2254, is **DENIED AND DISMISSED**;

(3) The Petitioner's Motion Requesting a Conflict Hearing, Access to Evidence, and Request for an Attorney [Doc. 17] is **DENIED**;

(4) The Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases; and

(5) The Clerk of Court is respectfully directed to substitute Eddie M. Buffaloe, Jr., Secretary of the North Carolina Department of Public Safety, as the respondent in this action.

**IT IS SO ORDERED.**

Signed: September 27, 2022

Martin Reidinger
Chief United States District Judge